# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:07cv1300 LJO DLB |
| | ) | |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO COMPEL |
| Plaintiff, | ) | |
| | ) | (Documents 15, 18) |
| v. | ) | |
| | ) | |
| CITY AND COUNTY OF SAN FRANCISCO, HETCH HETCHY WATER AND POWER, | ) ) ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff United States of America ("USA") filed the instant discovery motion on October 7, 2008. After the parties stipulated to continue the hearing date several times, the matter was heard on March 6, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Catherine Swann appeared on behalf of USA. Mark Lipton appeared on behalf of Defendant City and County of San Francisco, Hetch Hetchy Water and Power ("Hetch Hetchy").

## **BACKGROUND**

USA filed the instant action to recover monetary damages incurred in connection with the "Early Fire," which ignited on or about August 9, 2004, on National Forest System ("NFS") land in the Stanislaus National Forest. USA contends that the fire ignited through negligent acts or omissions of Hetch Hetchy. Specifically, USA alleges that the fire was caused by an electrical discharge from a power line owned and operated by Hetch Hetchy to a tree that had grown to

1

within two to four feet from the subject power line. USA further alleges that Hetch Hetchy failed, and continues to fail, to perform hazard reduction around its high voltage power lines as required by law.

The complaint alleges causes of action under California and federal law. USA requests compensation for fire suppression costs and damages, recovery of administrative costs, prejudgment interest and penalties under the Debt Collection Act, and injunctive relief.

USA originally filed the instant motion to compel on October 7, 2008. The motion has been continued numerous times due to the parties' attempts to resolve the dispute and their participation in mediation. The meet and confer process has been ongoing since August 2008.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

A.  Responses Indicating that Document Production is Ongoing

In response to a majority of the requests at issue, Hetch Hetchy simply states that it is in the process of compiling documents. In many instances, this statement is qualified with general objections.

During the hearing, the Court explained the problems in responding with boilerplate objections and qualified responses- it is impossible to determine whether the responding party is withholding any documents based upon the stated objections. Therefore, in response to all interrogatories to which Hetch Hetchy indicated that it was in the process of compiling documents, both with and without the qualification of the general objections, Hetch Hetchy shall provide a complete response that unequivocally states whether, after a reasonable search, all documents have been produced. The response should clearly state whether documents are being withheld based on an objection.

B.  Specific Interrogatories

*Request for Production of Documents, Set Three, Numbers 51-58; Interrogatories, Set Two, Numbers 25 and 31*

Based on the parties' joint statement and/or discussions at the hearing, these discovery requests are no longer disputed.

*Request for Production of Documents, Set One and Two, Number 5*

Request Number 5 requests all documents, including standards, regulations, policies, or practices, concerning the inspection and/or cutting of trees and brush applicable to Hetch Hetchy from 1989 to the present. Hetch Hetchy objected, arguing mainly that the term "applicable" is overly broad. Hetch Hetchy does not have a duty, though, to produce the universe of all "applicable" documents. Rather, it must produce documents in its control and custody, and it can make this clear in its response by setting forth the search conducted and the documents produced or withheld.

*Interrogatories, Set One, Numbers 14-16*

Interrogatory Numbers 14, 15 and 16 request identification of time, money and educational resources involved in Hetch Hetchy's power line maintenance and/or brush control management. Hetch Hetchy objected based upon the perceived ambiguity of certain phrases in the requests, though it stated it was attempting to compile responsive documents. As discussed at the hearing, Hetch Hetchy should respond by first setting forth its definition of the phrase at issue and produce documents based on that definition.

*Interrogatories, Set One, Number 17*

Interrogatory Number 17 requests the name, title and current status of employment of "all individuals who had any part in requesting" the identified study. Although Hetch Hetchy objected based mainly on the breadth of the request, USA clarified the scope of the request as seeking information for "individuals, other than clerical or secretarial staff, who ordered, reviewed, or facilitated the subject study in any way." Exh. 2, attached to Joint Statement. Hetch Hetchy agreed to adopt this definition and answer accordingly. If it continues to find the request

1 broad, Hetch Hetchy agreed to work with counsel in narrowing the scope of the information
2 requested.

*Interrogatories, Set Two, Numbers 19 and 20*

In response to Numbers 19 and 20, Hetch Hetchy created a chart entitled "Holm Powerhouse Metered Generation," attached to the Joint Statement as Exhibit 18. USA contends that the response is insufficient because it cannot (1) determine whether the measurements are instantaneous or integrated; and (2) interpret the time. While Hetch Hetchy argues that it has provided all information in its possession and believes that, rather than being incomplete, USA simply doesn't like the response, it has a duty to provide a response in a manner that is understandable. Hetch Hetchy has therefore agreed to provide a supplemental response with clarifying information.

C. <u>Documents Produced on February 18, 2009</u>

Finally, USA raises two issues with respect to the February 18, 2009, document production. First, USA believes that CCSF 001270-71, 001276 and 001275-2285, were not produced in their original form. USA requests that the documents be produced in their original form, both size and color, to preserve the quality of the text. Hetch Hetchy has agreed to copy and/or print the documents in their original size and color, with USA bearing the costs.

As to CCSF 001273-74, USA believes that the log produced references other seemingly responsive documents. Exh. 19, attached to Joint Statement. USA requests that the documents be produced. Hetch Hetchy has agreed to provide an amended response indicating whether such documents exist and whether they are responsive to the request.

**ORDER**

For the above reasons, USA's motion to compel is GRANTED. Hetch Hetchy SHALL PROVIDE amended responses and responsive documents within 45 days of the date of this order.

IT IS SO ORDERED.

Dated: **March 9, 2009**        **/s/ Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE

4